IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
JUN 21 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

KENNETH WATFORD,

    Petitioner,

v.                               Civil Action No. 3:17CV604

ERIC WILSON,

    Respondent.

**MEMORANDUM OPINION**

Kenneth Watford, a federal inmate proceeding pro se, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition"). (ECF Nos. 6, 9-1.)[1] For the reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.[2]

**I. PROCEDURAL HISTORY AND SUMMARY OF WATFORD'S CLAIMS**

In the United States District Court for the District of Maryland ("Sentencing Court"), Watford was convicted of: one-

---

[1] The Court utilizes the pagination assigned by the CM/ECF docketing system to Watford's submissions. The Court notes that Watford submitted his § 2241 Petition in two different parts. (See ECF Nos. 6, 9-1.)

[2] Watford is currently incarcerated in Terre Haute Federal Correctional Institution, in Terre Haute, Indiana. However, when Watford filed the § 2241 Petition with this Court, he was housed in Petersburg Federal Correctional Complex, in Petersburg, Virginia. (See ECF No. 9, at 2.) Although § 2241 petitions are appropriately filed in the district where a prisoner is confined, see § 28 U.S.C. § 2241(a); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997), the Court will not transfer the action due to the apparent lack of jurisdiction under both § 2241 and 28 U.S.C. § 2255(e).

count of conspiracy to commit wire fraud; three-counts of wire fraud; one-count of attempted wire fraud; two-counts of aggravated identity theft; two-counts of aggravated identity theft while on pretrial release; one-count of access device fraud while on pretrial release; one-count of attempted access device fraud while on pretrial release; and, one-count of attempted access device fraud. See United States v. Watford, 692 F. App'x 108, 109-10 (4th Cir. 2017). The Sentencing Court imposed a 135-month term of imprisonment for all counts. See id. at 112. On May 19, 2017, the United States Court of Appeals for the Fourth Circuit affirmed Watford's conviction and sentence. Id.

In his § 2241 Petition, Watford challenges his convictions by the Sentencing Court. (See ECF No. 9-1, at 2-6.) Specifically, Watford raises the following claims for relief in his § 2241 Petition:[3]

Claim One: "Failure to appear. On Nov[ember] 19, 2013, the judge ruled that I failed to appear at a Nov[ember] 15, 2013 bail revocation hearing. I submitted proof to this Court . . . that I did not fail to appear." (ECF No. 9-1, at 2.)

Claim Two: "Unauthorized transfer of jurisdiction from state court to federal court. . . . The lawyer I had at the time . . . allowed [my case] to be moved without my consent." (Id. at 4.)

---

[3] The Court corrects the spelling, punctuation, and capitalization in the quotations from Watford's submissions.

| | |
|---|---|
| Claim Three: | "False Criminal Complaint. The Criminal Complaint had two false convictions, felonies, a false statement that linked me to a conspiracy, was determined at trial through the FBI agent['s] own testimony that she lied. . . ." (Id. at 4.) |
| Claim Four: | "Indictment based on fraud, misleading and misrepresentation of the truth. . . . That Mr. Watford was convicted in Baltimore City Circuit Court to 10 years for selling cocaine. False. That Mr. Watford was arrested in [North Carolina] in 1989 for driving without a license, and was convicted of that offense in March of 2009. False. That Mr. Watford gave a gentleman a website to print-out a fraudulent insurance policy that he used to purchase vehicles in other people['s] names. False. Was proven by the FBI Agent['s] own testimony that she lied." (Id. at 5.) |
| Claim Five: | "Conspiracy to commit wire fraud and aggravated identity theft. It was proven in trial that I didn't provide an insurance policy or identity theft names to anyone in furtherance of a crime. It was proven at trial that the lead FBI investigator lied about Mr. Watford's involvement in a conspiracy to commit fraud." (Id. at 6.) |
| Claim Six: | "Loss amount. There [was] no loss amount reported. There could have been no intended loss because it was proven at trial that Mr. Watford was not involved with a conspiracy to commit fraud." (Id.) |
| Claim Seven: | "Illegal search of cellphone. The Government did not have a search warrant to search Mr. Watford's cellphone and refused to turn the |

3

cellphone over to Mr. Watford, in fear that it would prove Mr. Watford's innocence." (Id.)

## II. MOTIONS UNDER 28 U.S.C. § 2255 COMPARED TO PETITIONS UNDER 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

4

that provision or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).[5] The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not

---

[5] The Court notes that in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit recognized that In re Jones may, in some instances, allow an inmate to challenge serious sentencing errors in a § 2241 petition. Id. at 427-30. Nevertheless, the Fourth Circuit affirmed that "[t]here is no doubt that Jones is still good law in this circuit," and as applied to Watford, requires a substantive change in the law that would make his conduct no longer criminal. Id. at 427.

5

<u>criminal</u> but, through no fault of his own, has no source of redress." Id. at 333 n.3 (emphasis added).

### III. ANALYSIS OF WATFORD'S 28 U.S.C. § 2241 PETITION

Watford fails to satisfy the second prong of In re Jones. See id. at 334. Specifically, Watford fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] <u>was</u> <u>convicted</u> <u>is</u> <u>deemed</u> <u>not</u> <u>to</u> <u>be</u> <u>criminal</u>." Id. (emphasis added). The conduct of which Watford stands convicted, conspiracy to commit wire fraud, wire fraud, attempted wire fraud, aggravated identity theft, aggravated identity theft while on pretrial release, access device fraud while on pretrial release, attempted access device fraud while on pretrial release, and, attempted access device fraud are all still criminal. Because Watford fails to demonstrate that the conduct of which he was convicted has been decriminalized, he cannot proceed by § 2241.

### IV. OUTSTANDING MOTIONS

Watford has filed a number of motions in the last two months. First, Watford has filed a Motion for Leave to File for Bail. (ECF No. 16.) Second, Watford asks this Court to transfer this action to be transferred to the district court where he is currently incarcerated. (ECF No. 17.) Finally,

6

Watford asks this Court to have Watford transferred back to Virginia. (ECF No. 18.) Watford fails to identify the procedural vehicle that authorizes the actions that Watford seeks. Accordingly, Watford's motions (ECF Nos. 16, 17, 18) will be denied.

V. CONCLUSION

For the foregoing reasons, the § 2241 Petition (ECF Nos. 7, 9) will be dismissed without prejudice for want of jurisdiction. Watford's outstanding motions (ECF Nos. 16, 17, 18) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Watford.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 21, 2018